■ In the Matter of BORIS SCHNEEBERG et al., Appellants, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents.—Appeal from a judgment of

the Supreme Court at Special Term, entered August 22, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, seeking to declare valid a designating petition designating petitioner McHugh as a candidate of the Liberal Party for the office of Representative from the 27th Congressional District in the September 9, 1980 primary election. The dispositive issue on this appeal is whether the State Board of Elections, after having dismissed the objections because the objector's registration had been canceled, erred in reopening to consider the merits when the objector obtained a County Court judgment directing the local board of elections to rescind the cancellation of her registration. Since the objector had timely filed objections and specifications, she could have commenced a proceeding pursuant to subdivision 1 of section 16-102 of the Election Law. And pursuant to subdivision 1 of section 16-100, the Supreme Court is vested with jurisdiction to summarily determine *any* question of law or fact arising as to any subject set forth in article 16. Accordingly, in a proceeding under subdivision 1 of section 16-102, the court could have ruled on the objector's standing and then passed on the merits of the objections, regardless of whether the board had first passed upon the merits. Thus, an adequate alternative to reopening was available to the objector. Reliance upon the desirability of having the board pass on the merits of objections prior to the court ruling on them in a proceeding under subdivision 1 of section 16-102 to support the board's decision to reopen would be misplaced. In *Matter of Bruno v Peyser* (40 NY2d 827), the Court of Appeals affirmed this court's dismissal of a proceeding, on timeliness grounds, which had not been commenced within the 14-day period required by statute. When the 14-day period expired, the board had not yet passed upon the petitioner's objections and specifications. The Court of Appeals explained *(supra,* p 828): "Objectors, unlike candidates, have sufficient knowledge and information regarding the nature of the objections in order to enable them to commence a timely proceeding to invalidate designating petitions without the need to await a determination of the Board of Elections." Thus, the fact that the board of elections here had not ruled on the merits of the objections was no impediment to the commencement of a proceeding under subdivision 1 of section 16-102, nor is it even a factor tending to justify the board's decision to reopen (see *Matter of Thompson v Wallace,* 45 NY2d 803). Finally, the severe time limits placed upon administrative and judicial review procedures by the Legislature evidence an intent that these matters be resolved without delay. Despite the objector's diligence here in seeking the County Court order under subdivision 1 of section 16-108, delay is inherent in permitting the board to reopen. Allowing the board to reopen in its discretion will only generate more litigation as to when the board has abused that discretion. For the foregoing reasons, we reverse on the grounds that the objector's remedy after the board had dismissed her objections was a proceeding under subdivision 1 of section 16-102 and that the board lacked authority to reopen once it had dismissed the objections. Judgment reversed, on the law, without costs, and petition granted to the extent that the designating petition of petitioner McHugh is declared valid and the objections thereto are dismissed. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.